UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD GOODMAN, | : CIVIL NO: 1:10-CV-02403 |
| Plaintiff | : |
| | : (Judge Conner) |
| v. | : |
| | : (Magistrate Judge Smyser) |
| CATHERINE MCVEY and PENNSYLVANIA BOARD OF PROBATION AND PAROLE, | : |
| Defendants | : |

**REPORT AND RECOMMENDATION**

I. Background and Procedural History.

On November 19, 2010, the plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint. The plaintiff also filed an application to proceed *in forma pauperis*.

The complaint names as defendants the Pennsylvania Board of Probation and Parole (Board) and Catherine McVey, the Chairperson of the Board.

The plaintiff alleges the following facts in his complaint.

In 1978, there was a confrontation between the group known as MOVE and the police which resulted in the death of 11 members of MOVE, one police officer and injuries to seven others. The plaintiff was charged as a result of that confrontation. In 1980, the plaintiff was convicted of third degree murder, seven counts of attempted murder, aggravated assault and criminal conspiracy. He was subsequently sentenced to a term of imprisonment of 30 to 100 years.

While incarcerated, the plaintiff has taken full advantage of rehabilitative programs. He has completed all requirements of the Department of Corrections prescriptive program plan and he has been misconduct free for several years.

On April 28, 2009, the Board denied the plaintiff parole citing as reasons: the plaintiff's minimization/denial of the nature and circumstances of the offenses committed, the plaintiff's refusal to accept responsibility for the offenses committed, the plaintiff's lack of remorse for the offenses committed and the negative recommendation of the prosecuting attorney.

2

On October 18, 2010, the Board again denied the plaintiff parole citing as reasons: the negative recommendation from the Department of Corrections, the plaintiff's minimization of the nature and circumstances of the offenses committed, the plaintiff's refusal to accept responsibility for the offenses committed and the negative recommendation of the prosecuting attorney.

The plaintiff asserts that he has complied with all prerequisites for parole. He asserts that his maturity, his stability and his accomplishments in prison warrant parole. He asserts that the Board's stated reasons for denying parole are boilerplate, ignore the parole statute's mandate and are based solely on the offenses committed over 32 years ago. He also asserts that the Board applied the parole guidelines as a mandatory and irrebuttable presumption against parole.

The plaintiff claims that the Board violated his substantive due process rights because a number of the reasons stated by the Board for denying him parole lack a basis in fact. He asserts that the Board's decision to deny parole is contrary to the record and his interview. He asserts that the

3

Board ignored the overwhelming evidence that he was fit for parole. He asserts that the Board only considered the nature of his offense and that it failed to consider other relevant factors.

The plaintiff is seeking declaratory and injunctive relief.

II. Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler*

4

*v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be

5

held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**.- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal**.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

This is a 42 U.S.C. § 1983 action. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422

6

F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

The plaintiff's claims against the Board are barred by the Eleventh Amendment.

The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Although its text appears to restrict only the Article III diversity jurisdiction of the federal courts, the Eleventh Amendment has been interpreted "to stand not so much for what it says, but for the presupposition . . . which it confirms."

7

*Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)(quoting *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 779 (1991)). That presupposition is that each state is a sovereign entity in our federal system and that it is inherent in the nature of sovereignty that a sovereign is not amenable to suit unless it consents. *Id.* Thus, "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000).

In the absence of consent, a suit in federal court against the state or one of its agencies is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)(per curiam). However, a state may waive its Eleventh Amendment immunity by consenting to suit and Congress may abrogate States' Eleventh Amendment immunity when it unequivocally intends to do so and it acts pursuant to a valid grant of constitutional authority. *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 670 (1999).

8

The Board is an arm or agency of the Commonwealth. The Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity, *see* 42 P.C.S.A. § 8521(b), and 42 U.S.C. § 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332 (1979). Accordingly, the plaintiff's claims against the Board are barred by the Eleventh Amendment.

The complaint fails to state a claim upon which relief may be granted against defendant McVey.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior*." *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). The complaint must contain averments of the involvement of the defendant in the conduct which caused a violation of the plaintiff's

9

constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

The plaintiff has not alleged facts in his complaint from which it can reasonably be inferred that defendant McVey was involved in the denial of parole. Defendant McVey can not be held liable on the basis of respondeat superior simply because she is the chairperson of the Board. Thus, the complaint fails to state a claim upon which relief may be granted against defendant McVey.

Moreover, the plaintiff has failed to allege facts from which it can reasonably be inferred that he was denied due process.

The Fourteenth Amendment Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law." A procedural due process claim requires a two part analysis. First, the court must determine whether the interest asserted by the petitioner is within the scope of protection of life, liberty, or property found in the Due Process Clause. A protected liberty interest

10

may arise from two sources - the Due Process Clause itself or the laws of the States. *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983); *Layton v. Beyer*, 953 F.2d 839, 842 (3d Cir. 1992). Second, if the interest is protected by the Fourteenth Amendment, the court must determine what procedures constitute "due process of law." *Ingraham v. Wright*, 430 U.S. 651, 672 (1977).

The Board has broad discretion in deciding when, or if, a prisoner should be released on parole. *McGill v. Pennsylvania Dept. of Health, Office of Drug and Alcohol Programs,* 758 A.2d 268, 271 (Pa. Commw. Ct. 2000). A Pennsylvania prisoner does not have a liberty interest protected by the Due Process Clause in being released on parole. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979)(the Constitution creates no liberty interest in parole); *Rogers v. Pennsylvania Bd. of Probation and Parole*, 724 A.2d 319, 323 (Pa 1999)(under Pennsylvania law, parole is a matter of grace and mercy shown to a prisoner and the Board's decision to grant or deny parole does not affect a liberty interest). Accordingly, the complaint fails to state a procedural due process claim upon which relief may be granted.

11

The substantive component of the Due Process Clause limits what the government may do regardless of the fairness of the procedures that it employs. *Boyanowski v. Capital Area Intermediate Unit,* 215 F.3d 396, 399 (3d Cir. 2000). "'[T]he core of the concept' of due process is 'protection against arbitrary action.'" *Kaucher v. County of Bucks,* 455 F.3d 418, 425 (3d Cir. 2006)(quoting *County of Sacramento v. Lewis,* 523 U.S. 833, 845 (1998)). The Board may not arbitrarily deny parole on the basis of impermissible criteria such as race, religion or the exercise of free speech rights, or on criteria with no rational relationship to the purpose of parole. *Block v. Potter*, 631 F.2d 233, 236-37 (3d Cir. 1980). "[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Kaucher, supra,* 455 F.3d at 425. Executive action violates substantive due process only when the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience. *Id.* "[F]ederal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met

if there is some basis for the challenged decision." *Coady v. Vaughn,* 251 F.3d 480, 487 (3d Cir. 2001).

In the instant case, the plaintiff claims that the Board violated his substantive due process rights because a number of the reasons stated by the Board for denying him parole lack a basis in fact. He asserts that the Board's decision to deny parole is contrary to the record and to his interview. He asserts that the Board ignored the overwhelming evidence that he is fit for parole. Yet the petitioner does not allege that the Board has refused to parole him on the basis of impermissible criteria such as race, religion or the exercise of free speech rights. Furthermore, the Board's stated reasons for denying parole are permissible reasons and are reasons that bear a rational relationship to the purpose of parole.

Contrary to the plaintiff's characterization of the Board's decision as resting only on the nature of his offense, the allegations of the complaint reveal that the Board considered more than merely the nature of his offense. The Board's stated reasons for denying parole included the

13

recommendations of the Department of Corrections and the prosecuting attorney and the plaintiff's minimization of the nature and circumstances of the offense and his refusal to accept responsibility. Although the plaintiff believes that the Board should have weighed the factors differently and come to a different conclusion, he has not alleged facts from which is can reasonably be inferred that the Board's decision was conscience shocking. Accordingly, the complaint fails to state a substantive due process claim upon which relief may be granted.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002). In the instant case, given the Eleventh Amendment immunity of the Board and the narrow scope of a substantive due process violation amendment would be futile.

IV. Recommendations.

Based on the foregoing, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. 28 U.S.C. § 1915A and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: December 8, 2010.